IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Emmanuel Oluwole, | : |
|     Plaintiff, | : |
| Vs. | :    JURY TRIAL DEMANDED |
| City of Philadelphia, | : |
|     And | :    CIVIL ACTION NO: |
| Phila. Police Officer Lichterman, | : |
|     And | : |
| Phila. Police Officer Foley, | : |
|     And, | : |
| Hyatt Corporation, t/a Hyatt Global Corp. | : |
|     And, | : |
| PLP, GP, LLC, as general partner of Penn's Landing Partners, L.P. | : |
|     And, | : |
| Towne Park, Ltd., | : |
|     And, | : |
| K. Koromah, | : |
|     Defendants. | : |

## **COMPLAINT**

### Introductory Statement

1. This is a civil action for damages brought pursuant to the United States Constitution and 42 U.S.C. Sections 1983,1981, and 1988 resulting from deprivations, under color of law, of Plaintiff's rights under the first, fourth,

fifth, eighth, and fourteenth amendments to the United States Constitution and for tortuous behavior under Pennsylvania state law against police officers of the City of Philadelphia Police Department; against the City of Philadelphia for failure to take corrective actions with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct.  There are also pendent claims, under both federal and state law, involving the same general factual circumstances.

### Parties, Jurisdiction, and Venue

2. Plaintiff, Emmanuel Oluwole (hereinafter "Plaintiff"), is a United States citizen with an address of 1103 E. Sharpanack Street, Philadelphia, Pa 19150.
3. Defendant, the City of Philadelphia (hereinafter "City") is the government for Philadelphia County, the only First Class county located in the Commonwealth of Pennsylvania at 1515 Arch Street, 15th Floor, Philadelphia, Pa 19102.
4. Defendant Officer Lichterman is a police officer employed by the City with a badge number of 3155 and having a business address of: c/o Philadelphia Police Department One Franklin Square Philadelphia, Pa 19106.
5. Defendant Officer Foley is a police officer employed by the City with a badge number of 2397 and having a business address of: c/o Philadelphia Police Department One Franklin Square Philadelphia, Pa 19106.
6. Defendant Hyatt Corporation (hereinafter "Hyatt") is company doing business internationally and having a headquarters located at 71 S. Wacker Avenue, Chicago, Ill 60606.
7. Penn's Landing Partners, L.P., Suite 400 One Bala Avenue Bala Cynwyd, Pa 19004.
8. Defendant, PLP, GP, LLC (hereinafter "Penn"), is the general partner of Penn's Landing Partners, L.P., and  is a business incorporated in the state

of Delaware with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

9. Hyatt and Penn own or manage a hotel located 201 So. Columbus Blvd., Philadelphia, Pa 19106 (hereinafter "Penn's Landing Hotel").

10. Defendant, Towne Park Ltd., (hereinafter "Towne Park") is a corporation owning or controlling a parking lot adjacent to the Penn's Landing Hotel (hereinafter "parking lot") who has corporate business headquarters of One Park Place, Suite 200, Annapolis, MD 21401.

11. Defendant K. Koromah (hereinafter "Koromah") is an employee of Towne Park at the parking lot at their Penn's Landing Hotel and has a business address of c/o Towne Park Ltd., One Park Place, Suite 200, Annapolis MD, 21401.

12. At all times relevant hereto and in their actions described herein, Defendants Officers Lichterman and Foley were acting under color of law and pursuant to their authority as police personnel.

13. This Honorable Court has personal jurisdiction over all Defendants.

14. This Honorable Court has subject matter jurisdiction over this action.

15. Venue is proper in the Eastern District of Pennsylvania.

## Factual Allegations

16. Plaintiff is a non-white individual of African decent.

17. Plaintiff speaks with a heavy accent as English is not his native language.

18. On December 12, 2008, in the early morning hours, Plaintiff was contacted by staff of the Penn's Landing Hotel and asked to transport a guest to the Philadelphia International Airport.

19. Upon arrival at the Penn's Landing Hotel, Plaintiff was told by Koromah that Plaintiff could not pick up the guests.

20. On prior occasions when Plaintiff attempted to pick up fares at the Penn's Landing Hotel, Defendant Korormah had attempted to extort a $5 dollar fee from Plaintiff.

21. Plaintiff had previously refused to pay Koromah any money and Koromah had previously told him that he will not "allow" Plaintiff to pick up fares at the Penny's Landing Hotel as a result.
22. Plaintiff attempted to inform Koromah that he had been called to the Penn's Landing Hotel by hotel staff and that he has a 'right' to pick up the guests.
23. Defendant Koromah was at all times relevant on Penn's Landing Hotel property and was in fact inside the hotel lobby when he confronted Plaintiff.
24. Koromah still insisted upon Plaintiff leaving the hotel without the fare and Korormah called the police.
25. Officers Lichterman and Foley arrived at the Penn's Landing Hotel and spoke to Koromah.
26. Officer Lichterman then approached Plaintiff and, as Plaintiff was attempting to inform him about Koromah illegally interfering with his right to transport guests from the hotel, Officer Lichterman stated to Plaintiff: "I want you to take your cab and get the 'hell' out of here!"
27. When Plaintiff proceeded to try and inform Officer Lichterman of his 'side of the story', Officer Lichterman responded by stating: "That's it, you're going to jail!"
28. Officer Lichterman then in quick succession grabbed Plaintiff's car keys from his hands, forcibly hand cuffed Plaintiff, and shoved Plaintiff into the rear seat of Lichterman's patrol car.
29. Officers Lichterman and Foley then left the premises with Plaintiff hand cuffed in the rear seat of their patrol car.
30. Plaintiff again attempted to explain to the officers that he was simply at the Penn's Landing Hotel to pick up a fare having been called to do so by Penn's Landing staff.
31. Officer Lichterman interrupted Plaintiff and said: "Where are you from anyway?  Why don't you go back to where you came from?"

32. Plaintiff protested Lichterman's insensitive queries stating that he is an American citizen just like Lichterman and that he shouldn't be speaking to Plaintiff in that way because to do so is a violation of Plaintiff's rights.
33. Officer Lichterman then abruptly did a "U turn" and returned to the Penn's Landing Hotel and subsequently removed Plaintiff's hand cuffs and told Plaintiff to "take his cab and leave."
34. Plaintiff noticed the hotel guests were still waiting for their cab and Plaintiff pleaded with the officers to allow him to pick up his fare.
35. Officer Lichterman told Plaintiff that if he didn't leave immediately he was going to take him to "jail."
36. Plaintiff asked the officers to speak to their superior but he was told to "go to the 6th district" to do so.
37. Plaintiff immediately traveled to the appropriate police precinct and described what happened.
38. Although a police supervisor told Plaintiff he would investigate the matter, Plaintiff has heard nothing further from any police employee since.
39. Plaintiff subsequently made inquiries with Hyatt or Penn employees at the hotel about the incident and rather than being helpful and sensitive to his concerns Hyatt and/or Penn thereafter barred Plaintiff from retrieving fares at the Penn's Landing Hotel.

### Count I:  Violation of 42 U.S.C. § 1983 Versus Defendants Lichterman, Foley, and the City of Philadelphia

40. Plaintiff hereby incorporates paragraphs 1-39 as if plead wholly herein.
41. Officers Lichterman and Foley operated under 'color of law' when they falsely arrested Plaintiff in a rough manner as described above.
42. Officers Lichterman and Foley are not entitled to any immunity because any reasonable officer would know that their conduct violated clearly established constitutional and statutory rights of Plaintiffs
43. On information and belief, the abuse to which plaintiff was subjected was consistent with an institutionalized practice of the City of Philadelphia Police Department, which was known to and ratified by them, the

defendants having at no time taken any effective action to prevent personnel from continuing to engage in such misconduct.

44. On information and belief, the City of Philadelphia had prior notice of the illegal propensities of Oficers Lichterman and Foley, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.  The failure to properly train the defendant officers included the failure to instruct them in applicable provisions of state and federal law regarding the proper and prudent use of force and ensuring prisoner safety during detainment.

45. On information and belief, Defendant the City of Philadelphia, authorized, tolerated as institutionalized practices, and ratified the misconduct hereinbefore detailed by:

   (a)  Failing to properly discipline, restrict, and control employees, including the herein listed officers, known to be irresponsible in their dealings with citizens of the community;

   (b)  Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including the aforementioned officers;

   (c) Failing to forward to the office of the District Attorney evidence of criminal acts committed by police personnel;

   (d) Failing to establish and/or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to such complaints with bureaucratic power and official denials calculated to mislead the public.  This conduct also constitutes gross negligence.

46.   The hereinabove described actions and omissions, engaged in under color of state authority by the defendants, including defendant City of Philadelphia, sued as a person, responsible because of its authorization, acceptance, and ratification thereof for the acts of its agents, deprived the Plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, his first amendment right to freedom of expression, his fourth amendment right to be free from unlawful seizure of

his person, his fifth and fourteenth amendment rights to due process of law, and including the right to be free from unjustified and excessive force utilized by police.

47. Plaintiff suffered emotional and physical damages as a result of defendants conduct.

### Count II: Violation of 42 U.S.C. § 1981 Versus Defendants Lichterman, Foley, and the City of Philadelphia .

48. Plaintiff hereby incorporates paragraphs 1-47 as if plead wholly herein.
49. Plaintiff is an African American.
50. All of the aforementioned acts were performed against the Plaintiff on the basis of race, Black, and National Origin, African American.
51. Defendants, jointly and severally, intentionally and/or recklessly denied the Plaintiff the full and equal benefit of all laws, including due process, and proceedings for the security of person and property as is enjoyed by white citizens, including rights secured to him by the Constitution of the United States, including, but not limited to, his first amendment right to freedom of expression, his fourth amendment right to be free from unlawful seizure of his person, his fifth and fourteenth amendment rights to due process of law, and including the right to be free from unjustified and excessive force utilized by police.
52. Plaintiff suffered emotional and physical damages as a result of defendants conduct.

### Count III:  Violation of 42 U.S.C. § 1981 Versus Defendants Hyatt, Penn, Towne Park and Koromah

53. Plaintiff hereby incorporates paragraphs 1-52 as if plead wholly herein.
54. Defendant Koromah deliberately interfered with Plaintiff's right to contract with those in need of cab services.
55. Upon information and belief, Defendant Koromah did not interfere with the rights of other cab drivers of a different race and national origin.
56. Defendant Koromah treatment of Plaintiff occurred in the furtherance of Defendant Towne Park's business interest.

57. Defendant Towne Park was aware of Defendant Koromah's activities.
58. Defendants Penn and Hyatt allowed Defendant Koromah to serve as a liaison for hotel guests in need of cab services and Koromah and thereby served the business interests of Penn and Hyatt.
59. Alternatively, Defendant Koromah held himself out as an employee of Penn or Hyatt which was condoned or ratified by Penn and Hyatt.
60. Defendants Hyatt and Penn, after the incident, directly interfered with Plaintiff's right to contract with hotel guests due to his race and National Origin.
61. All of the aforementioned acts were performed against the Plaintiff on the basis of race, Black, and National Origin, African American.
62. Defendants, jointly and severally, intentionally and/or recklessly denied the Plaintiff the full and equal benefit of all laws, including due process, and proceedings for the security of person and property as is enjoyed by white citizens, including rights secured to him by the Constitution of the United States and 42 U.S.C. § 1981, including, but not limited to, his right to make and enforce contracts.
63. Plaintiff suffered actual and emotional damage as a result of defendants conduct.

### Count IV:  False Imprisonment Versus Officers Lichterman and Foley

64. Plaintiff herby incorporates paragraphs 1-63 as if fully plead herein.
65. Officers Lichterman and Foley intentionally caused Plaintiff to be confined within their police patrol car and within hand cuffs.
66. Officers Lichterman and Foley caused Plaintiff to be confined within hand cuffs and within their police vehicle.
67. Plaintiff was conscious of the Defendants' confinement and suffered physical and emotional damage as a result of defendants conduct.

### Count V:  Tortious Interference with Prospective Business Relations Versus Defendants Komorah, Hyatt, Penn and Towne Park

68. Plaintiff herby incorporates paragraphs 1-67 as if fully plead herein.

69. Defendant Komorah intentionally prevented Plaintiff from obtaining fares as described within.
70. Defendant Hyatt and Penn also have since Plaintiff investigated the December 12, 2008 incident prevented Plaintiff from providing services to guests at the Penn's Landing Hotel.
71. Defendants Hyatt, Penn, and Towne Park effectively employed Komorah during Komorah's practice of prohibiting or frustrating Plaintiff's ability to obtain fares from the Penn's Landing Hotel.
72. All Defendants acted purposefully to prevent Plaintiff from obtaining fares from the hotel in question.
73. Plaintiff has suffered actual damages due to not being able to obtain fares he would have otherwise obtained.
74. All Defendants acted without justification.

### Count VI:  Intentional Infliction of Emotional Distress versus Defendant Officer Lichterman

75. Plaintiff herby incorporates paragraphs 1-74 as if fully plead herein.
76. Officer Lichterman intentionally caused severe emotional distress and bodily harm through the extreme and outrageous conduct of physically accosting Plaintiff and shoving him into his patrol car and driving off while telling Plaintiff to go "back to where he is from.".
77. Officer Lichterman recklessly caused severe emotional distress and bodily harm through the extreme and outrageous conduct detailed above.
78. Plaintiff suffered severe emotional distress and bodily harm from the outrageous conduct of Officer Lichterman.

### Count VII:  Battery Against Officer Lichterman

79. Plaintiff herby incorporates paragraphs 1-78 as if fully plead herein.
80. Officer Lichterman intentionally caused harmful or offensive contact to Plaintiff.
81. Plaintiff did not consent to Officer Lichterman's harmful or offensive contact.

82. Plaintiff suffered physical and emotional damage as a result of defendants conduct.

WHEREFORE, Plaintiff demands the following relief jointly and severally, against all defendants:

    A.    Compensatory damages according to proof.

    B.    Punitive damages in the amount of $100,000.

    C.    Attorney's fees pursuant to 42 U.S.C. § 1988.

    D.    Such other and further relief as this Court may deem appropriate under the circumstances.

Respectfully submitted by,

_____
Shelly Farber, Esquire
Attorney For Plaintiff
Pa Bar # 33726